This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v. **NO. 32,889**

**SUZANNE KOESTERS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas Macias, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Allison H. Jaramillo, Assistant Public Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1} Defendant appeals from the district court's order of conditional discharge, accepting the jury's verdict of guilt for the charge of aggravated assault against a household member with a deadly weapon, and sentencing her to one year of probation. We issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition. We have considered Defendant's response and remain unpersuaded. We, therefore, affirm.

{2} Defendant raises two issues, arguing that the district court erred by excluding evidence of Mr. Baca's prior bad acts [MIO 6-9] and refusing her instruction on defense of property or defense of another. [MIO 10-14]

{3} The evidence of prior bad acts that the district court did not allow was evidence that Mr. Baca was abusive to other girlfriends. [MIO 8] Defendant contends that excluding this evidence prevented the defense from presenting the full context of the relationship between Defendant and Mr. Baca and "the full story as to why [Defendant] was afraid of Mr. Baca." [Id.] Defendant argues that the evidence should have been admitted to show habit, plan, motive, intent, and state of mind. [MIO 8-9]

{4} We observe that the district court permitted Defendant to introduce evidence that Mr. Baca was abusive against her and had stalked her and caused damage to her vehicle and home. [MIO 8] The evidence relating to Mr. Baca's violence and aggressiveness toward Defendant is sufficient to demonstrate Defendant's state of

mind. Defendant does not establish that the evidence relating to other girlfriends is sufficiently relevant to the instant case to warrant reversal for abuse of the district court's discretion. We hold that it was within the proper exercise of the district court's discretion to exclude the evidence relating to Mr. Baca's conduct with other girlfriends on the basis that the district court could reasonably conclude that the evidence was "substantially more confusing, cumulative, or prejudicial than probative." *State v. Baca*, 1992-NMSC-055, ¶ 5, 114 N.M. 668, 845 P.2d 762 ("The trial court retains the discretion to exclude specific instances of the victim's conduct if the evidence is substantially more confusing, cumulative, or prejudicial than probative.").

{5}     To the extent that Defendant argues that Mr. Baca's prior bad acts against other girlfriends should have been admitted as proof of his intent and motive or as habit evidence [MIO 8-9], we are not persuaded. Defendant does not describe the evidence she sought to admit regarding Mr. Baca's prior bad acts toward other girlfriends. As a result, Defendant does not establish what the evidence would demonstrate about Mr. Baca's intent and motive. As another result, Defendant does not establish that the evidence occurred with such frequency and similarity as to constitute evidence of a habit. *See* Rule 11-406(B) NMRA ("Habit or routine practice may be proved by

testimony in the form of an opinion or by specific instances of conduct sufficient in number to warrant a finding that the habit existed or that the practice was routine.").

{6} For these reasons, Defendant does not persuade us that the district court erred by excluding the evidence relating to Mr. Baca's prior bad acts toward his previous girlfriends.

{7} Lastly, we are not persuaded that the district court erred by refusing to instruct the jury on defense of another and defense of property. [MIO 10-14] As our notice observed, neither the record nor the docketing statement indicated that there was sufficient evidence presented at trial to support her theories of defense of another and defense of property. *See State v. Emmons*, 2007-NMCA-082, ¶ 7, 141 N.M. 875, 161 P.3d 920 ("Defendant is entitled to a jury instruction that supports his [or her] theory of the case . . . but only when that theory is supported by the evidence presented at trial."). "An instruction on defense of another should be given if the evidence is sufficient to allow reasonable minds to differ as to all elements of the defense." *State v. Jernigan*, 2006-NMSC-003, ¶ 3, 139 N.M. 1, 127 P.3d 537 (internal quotation marks and citation omitted).

{8} In response to our notice, Defendant contends that the main issue for the jury in this case was whether she acted reasonably or lawfully, and therefore, she should have been permitted to present the defenses for her actions. While this may be true,

4

the district court is not required to submit any defense to the jury that would render a defendant's actions lawful. Rather, the evidence must support the defense's theory. *See Emmons*, 2007-NMCA-082, ¶ 7.

**{9}** We are not persuaded that the evidence indicated that Mr. Baca was about to damage Defendant's vehicle or that it was reasonably necessary to run Mr. Baca off the road in order to stop him from damaging her vehicle, where Mr. Baca was following Defendant and reached his arm out to her vehicle while he was riding on his motorcycle next to her vehicle. *See* UJI 14-5180 NMRA (stating the elements for defense of property). We hold that the district court did not err by refusing the defense of property instruction.

**{10}** Also, there was no factual support indicating Mr. Baca's behavior created an appearance of immediate danger of bodily harm to Mr. Koesters, Defendant's father, or that Mr. Baca was about to harass Mr. Koesters or that it was necessary for Defendant to drive in front of Mr. Baca to stop him from gaining entry into Mr. Koesters's home and harass him. *See* UJI 14-5184 NMRA (stating the elements for defense of another). There was no evidence suggesting that Mr. Baca was threatening Mr. Koesters during his encounter with Defendant or had expressed to Defendant any intention of harming Mr. Koesters. There was no evidence indicating that Mr. Baca was planning to go to Mr. Koesters' home and harm him, given that Mr. Baca was at

a convenience store when he happened to see Defendant at a stop sign. [DS 2] Defendant does not state that she and Mr. Baca were in the immediate vicinity to Mr. Koesters's home such that running him off the road would have protected Mr. Koesters from threat of immediate harm. *See Jernigan*, 2006-NMSC-003, ¶ 6 (holding that the evidence did not support an instruction for defense of another where there was no appearance of imminent death or great bodily harm to the person the defendant was claiming to defend). Even if there was evidence that Mr. Baca had threatened Mr. Koesters in the past, there was no evidence of such a threat in this instance, nor was there evidence that Mr. Baca was following some predictable pattern of threatening behavior toward Mr. Koesters. Under these circumstances, we hold that the district court did not err by denying Defendant the instructions on defense of another.

{11}    For the reasons stated in this Opinion and in our notice, we affirm the district court's judgment and sentence.

{12}    **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

6

**WE CONCUR:**

_____

**CYNTHIA A. FRY, Judge**

_____

**M. MONICA ZAMORA, Judge**